## RECONSTRUCTION FINANCE CORPORATION v. GLOBE WERNICKE CO.

### Civil No. 51.

District Court, S. D. Ohio, W. D.

Dec. 14, 1940.

C. Crawford and Squire, Sanders & Dempsey, all of Cleveland, Ohio (Decamp, Sutphin & Brumleve, of Cincinnati, Ohio, of counsel), for plaintiff.

Kunkel & Kunkel, of Cincinnati, Ohio, for defendants.

DRUFFEL, District Judge.

The above entitled action was submitted to the court for decision upon the pleadings, evidence and briefs of counsel, from a consideration of which the court finds as a matter of fact that defendant, the Globe Wernicke Company, entered into a contract with Fireside Index Library Corporation, whereby the Globe Wernicke Company sold to Fireside Index Library Corporation certain of its products at a total cost of $13,275, and Fireside Index Library Corporation sold to the Globe Wernicke Company certain of its products at a total cost of $7,500, defendant Globe Wernicke Company knowing at the time that the ability of Fireside Index Library Corporation to fulfill its contract was contingent upon Fireside Index Library Corporation securing a loan from plaintiff Reconstruction Finance Corporation, and that Fireside Index Library Corporation's application for a loan of $5,000 had been rejected because of insufficient collateral, entered into an arrangement whereby its order to Fireside Index Library Corporation could be treated as an account receivable and assigned to Reconstruction Finance Corporation as additional collateral. Confirming this arrangement, defendant wrote Fireside Index Library Corporation two letters September 30, 1935:

"You will please enter our order for 1000 complete Filco Indexes and Services. It is understood that these are to be delivered according to instructions given to you from time to time. We are to pay for these as ordered out at the rate of $7.50 per set.

"It is further understood that shipping instructions on the thousand will be in your hands not later than one year from the date of this order and that the full amount due you for this material will be paid by the end of the year covered by this order." (Pl. Ex. 1.)

"In connection with the order of even date which we have placed with you, it is understood that this order is conditional upon your ordering from us 1000 four-drawer steel cabinets to be shipped and paid for within one year from the date of this letter. It is also understood that as you order these cabinets you will also order from us a complete Filco Index and Service and pay us $7.50 for each Filco Index and Service.

\* \* \*" (Def. Ex. C.)

Fireside Index Library Corporation, through its President, R. H. Kells, delivered to plaintiff Reconstruction Finance Corporation defendant's letter of September 30, 1935 (Pl. Ex. 1), but not the second letter of the same date (Def. Ex. C). However, he did assert that Reconstruction Finance Corporation was fully cognizant of Fireside Index Library Corporation's contract with defendant.

910

On October 24, 1935, Fireside Index Library Corporation wrote defendant:

"* * * Our loan has now gone through the legal gauntlet of the Reconstruction Finance Corporation and they find that the order as previously recorded by the Examiners and given by your company does not include the one item of acceptance of the merchandise.

"The RFC approved the loan of $5000 on September 27, 1935, subject to the following: B—1 'Assignment or assignments of current accounts receivable, as provided in Loan Agency Bulletin No. 344, in an aggregate amount of not less than $7,500.00'

"In other words, they require, as you will note from the wording of this clause, that your order for 1000 sets be placed in the form of an account receivable.

"Therefore, the only requirement of the RFC now to be met is an acceptance by you of the merchandise in accordance with the terms of your order.

"For the purpose of facilitating this, the RFC has handed me the enclosed copy of a letter which they have prepared for your signature.

"Kindly have this letter written and sent to me at your earliest convenience so that the negotiations for the loan may be concluded without delay. '

"As security for your Company in cooperating with us and the Reconstruction Finance Corporation in these negotiations, we are enclosing herewith an assignment of one thousand sets of Filco Index and Service, which are now insured.

* * *" (Def. Ex. E.)

Conforming to the above, defendant on October 29, 1935, wrote Fireside Index Library Corporation: "Referring to the contract entered into between us as evidenced by our letter of September 30, 1935, for the purchase of one thousand complete Filco Indexes and Services, this will serve to advise you that we now accept delivery of the goods called for under such contract and which are now held by you segregated from your other stock for our account and at our risk, subject only to shipping instructions hereafter to be given to you as your agent." (Pl. Ex. 2.)

The defendant having thus met the terms of Reconstruction Finance Corporation, Fireside Index Library Corporation on October 30 made a full and complete assignment of the $7,500 account receivable of defendant and plaintiff Reconstruction Finance Corporation then made a loan of $4,000 to Fireside Index Library Corporation.

Subsequently Fireside Index Library Corporation defaulted on its contract with defendant Globe Wernicke Company and went into bankruptcy. One interest payment of $98.63 was made.

On March 1, 1939, plaintiff brought this action against defendant for $7,500 as the owner of the Fireside Index Library Corporation claim by assignment.

Defendant contends that it has a good cause of action against Fireside Index Library Corporation for $13,275 and is entitled to a set-off to the extent of the actual loan against its claim for $13,275.

After a careful review of the authorities cited by defendant, in the light of the foregoing findings of fact, the court is of opinion and so finds that as between plaintiff and defendant, defendant is not entitled to a set-off of its claim against Fireside Index Library Corporation; that plaintiff is entitled to a judgment against defendant in the sum of $4,000 and interest at 6% per annum from November 4, 1936, together with its costs and it is so ordered, with exceptions to defendant.